# *United States Court of Appeals*
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

March 02, 2026

Ms. Lindsay M. Corliss
U.S. Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC 20044

Mr. Heliodoro Moreno Jr.
Contra Costa Public Defender's Office
800 Ferry Street
Martinez, CA 94553

 No. 25-60400   Saravia Martinez v. Bondi
          USDC No. A208 743 320

Dear Counsel,

 This court has previously held that a reinstatement order is the equivalent of a "final order of removal" under 8 U.S.C. § 1252(a)(1). *See, e.g., Garcia v. Holder*, 756 F.3d 885, 890 (5th Cir. 2014). But we have since expressed concern that "[t]hat conclusion . . . may require reassessment in the wake of [*Nasrallah v. Barr*, 590 U.S. 573, 582 (2020) and *Johnson v. Guzman Chavez*, 594 U.S. 523, 535-36 (2021)]." *Ruiz-Perez v. Garland*, 49 F.4th 972, 976 (5th Cir. 2022); *see also id.* ("[S]oon we must decide whether to reassess the extent of our jurisdiction to hear challenges to reinstatement decisions."). More recently, *Riley v. Bondi*, 606 U.S. 259, 263 (2025) concluded "a withholding-only proceeding is not a 'final order of removal.'"

 Accordingly, no later than March, 13, 2026 at noon, the parties are directed to submit letter briefs addressing, in 1750 words or less, whether our previous conclusion that a reinstatement order is the equivalent of a "final order of removal" remains consistent with *Nasrallah*, *Johnson*, and *Riley*. The letter brief should discuss the effect of these cases under the rule of orderliness and any impact on our jurisdiction. *Cf. Riley*, 606 U.S. at 278 (Thomas, J., concurring).

Sincerely,

LYLE W. CAYCE, Clerk

By: /s/ Charles Whitney
Charles B. Whitney, Deputy Clerk
504-310-7679

cc:
    Mr. Armando Aguilar Lopez
      Office of Immigration Litigation